```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     SOUTHERN DISTRICT OF CALIFORNIA
10
11  TONY ROBERTS,                        Civil No.   15cv1871 LAB (BLM)
    CDCR #C-95215,
12                                       ORDER:
13                          Plaintiff,
                                         1) GRANTING PLAINTIFF'S
14                                       RENEWED MOTION TO
                                         PROCEED IN FORMA PAUPERIS
15              vs.                      PURSUANT TO
                                         28 U.S.C. § 1915(a)
16                                       [ECF Doc. No. 7]
17  S. HENSLEY, et al.,                  AND
18                                       2) DIRECTING U.S. MARSHAL
                                         TO EFFECT SERVICE OF
19                                       SUMMONS AND COMPLAINT
                            Defendants.  PURSUANT TO
20                                       28 U.S.C. § 1915(d) AND
                                         FED. R. CIV. P. 4(c)(3)
21
22
23        Tony Roberts ("Plaintiff"), currently incarcerated at Richard J. Donovan
24  Correctional Facility ("RJD"), in San Diego, California, and proceeding pro se, filed
25  this action alleging deliberate indifference to his medical needs in violation of the
26  Eighth Amendment and pursuant to 42 U.S.C. § 1983 on August 21, 2015. *See*
27  Compl. at 34, ECF Doc. No. 1.
28  / / /
```

## I. Procedural Background

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing. And on September 8, 2015, the Court denied Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"), but granted him 21 days in which to either pay the full fee, or fix his IFP application. *See* ECF Doc. No. 3. Plaintiff failed to timely comply; therefore, on December 7, 2015, the Court dismissed his case, without prejudice, for failing to prosecute. *See* ECF Doc. No. 4.

Approximately one week later, the Court received Plaintiff's renewed IFP Motion, which was post-marked on December 8, 2015, but signed by Plaintiff on November 12, 2015–several weeks before the Court entered its December 7, 2015 Order dismissing his case. Because Plaintiff is proceeding without counsel, dependent on prison officials to process his legal mail, and entitled to the "mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (deeming notice of appeal to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners."), the Court accepted Plaintiff's renewed Motion to Proceed IFP (ECF Doc. No. 7), and re-opened his case.

## II. Plaintiff's Renewed Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments"

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

or "installments," *Bruce v. Samuels*, __ S. Ct. __, 2016 WL 112684 at *3 (U.S. Jan. 12, 2016) (No. 14-844); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his renewed IFP Motion, Plaintiff has submitted a certified copy of his trust account statement, verified by an accounting officer at RJD, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF Doc. No. 7 at 5-7; *Andrews*, 398 F.3d at 1119. Plaintiff's statement shows he has had no deposits, has carried no balance during the 6-month period preceding the filing of this action, and had no available money on the books at RJD the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-

/ / /

valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Renewed Motion to Proceed IFP (ECF Doc. No. 7), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III. Initial Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

#### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Claims

In his Complaint, Plaintiff contends Defendants, all alleged to be dental officials employed at California Men's Colony ("CMC") and RJD, knew he had serious dental needs, including four cavities as early as April 2011, but left his needs untreated "for approximately 45 months or more." *See* Compl. at 26, 31 ¶¶ 46, 63. Plaintiff claims that as a result, he developed a total of twenty-seven cavities, gingivitis, toothaches, headaches, mouth lesions, a broken tooth, bacterial gum infections, and periodontal disease that "expos[es him] to a serious risk for heart disease." *Id.* at 23, 24, 26, 28, 31 ¶¶ 32, 36-40, 46-47, 51, 63.

/ / /

1  As currently pled, the Court finds Plaintiff's Complaint contains inadequate medical care claims sufficient to overcome the "low threshold" for surviving the initial sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2013) (en banc), *cert denied*, 135 S. Ct. 946 (U.S. Jan. 12, 2015) (No. 14-328) (finding claims of "severe pain, infected teeth, cavities and bleeding gums," were sufficient to satisfy Eighth Amendment's requirement that prisoner demonstrate a "serious" medical need); *Hunt v. Dental Dep't,* 865 F.2d 198, 200-01 (9th Cir. 1989) (finding officials' awareness of prisoner's "bleeding gums, breaking teeth and his inability to eat properly," coupled with their "fail[ure] to take any action to relieve his pain or to prescribe a soft food diet until new dentures could be fitted" for a period of three months was "sufficient to state a claim of deliberate medical indifference under section 1983.").

Accordingly, the Court will direct the U.S. Marshal to effect service of Plaintiff's Complaint and the Court–issued summons on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### IV. Conclusion and Orders

Good cause appearing, the Court:

1.  **GRANTS** Plaintiff's Renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 7).

2.  **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.  **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF Doc. No. 1) upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF Doc. No. 1), and the summons so that he may serve each Defendant named in the Complaint.[3] Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible for each named Defendant, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5.  **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided

---

[3] Plaintiff must, of course, identify the Defendants he lists only as "Doe 1 through 20," and whom he currently describes only as individuals "responsible in some manner" for the injuries he has sustained, *see* Compl. at 18 ¶ 17, by their true names and substitute those individual persons in place of the Does by amending his Complaint to identify each party before the United States Marshal will be ordered to execute service upon them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); FED. R. CIV. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And when the plaintiff proceeds IFP, it is in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). However, the Court will not dismiss Plaintiff's claims against Doe 1 through 20 at this time because where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

     6.    **ORDERS** Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

     7.    **ORDERS** Plaintiff to serve upon Defendants or, if an appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document he wishes the Court to consider. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

     **IT IS SO ORDERED**.

DATED: March 9, 2016

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**
United States District Judge