UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S. HENSLEY, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 15cv1871-LAB (BLM)<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT [ECF No. 20]**<br><br>**AND**<br><br>**(2) SUA SPONTE GRANTING PLAINTIFF AN EXTENSION OF TIME TO SERVE DEFENDANTS MENDOZA AND SABATI PURSUANT TO FED. R. CIV. P. 4(m)** |

　　　On August 21, 2015, Plaintiff Tony Roberts, a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), and proceeding pro se, submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. No. 1. Plaintiff alleges that Defendants, various dental officials employed at California Men's Colony ("CMC") and RJD, "[f]ailed to provide

constitutionally adequate dental care," in violation of his Eighth Amendment rights. See id. On March 9, 2016, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"), found Plaintiff's claims sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed the United States Marshal Service ("USMS") to effect service on Plaintiff's behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). ECF No. 8.

On March 10, 2016, the Clerk issued a summons and prepared an "IFP package" including certified copies of Plaintiff's Complaint, a U.S. Marshal Form 285 ("USMS Form 285") for each Defendant named in the Complaint, and a copy of the Court's Order granting Plaintiff leave to proceed IFP. See ECF Nos. 8 & 9. Service upon Defendants Hipp, Nguyen, Malek, Sanchez, Behrens, Hensley, and Silveira was executed by the USMS and waivers of personal service were filed on their behalf. ECF Nos. 12-18. However, a summons was returned unexecuted as to Defendants "N. Sabti" and "E. Mandoza." ECF Nos. 10-11; see also ECF No. 20, Exh. A. The USMS notified Plaintiff that it was unable to execute service upon those two Defendants at RJD because, "per litigation coordinator, Defendant[s] [were] not employed at location." Id.

On April 29, 2016, Plaintiff signed a "Motion for Order Compelling Warden Daniel Paramo to Provide a Confidential Memorandum Detailing the Last Known Address for Defendants[] N. Sabti and E. Mandoza to the U.S. Marshal Services so that They May Effect Service of Process Pursuant to Rule 4, Fed. R. Civ. Proc.," which the Court accepted on discrepancy on May 24, 2016. ECF Nos. 19 & 20. On May 26, 2016, the Court ordered Defendants to respond to Plaintiff's motion. ECF No. 21. On June 3, 2016, Defendants replied asserting that the litigation coordinator at RJD "could find no individuals with the names N. Sabti or E. Mandoza in the prison's medical directory or history," and that Plaintiff misspelled the names of the above individuals. ECF No. 23 at 2. Defendants further stated that "E. M<u>e</u>ndoza" is currently employed at the prison's dental department; and that "N. Sab<u>a</u>ti" worked at RJD in 2013, that he

subsequently retired, and that "[t]he litigation coordinator [wa]s in the process of determining whether service c[ould] be accepted on N. Sabati's behalf at the prison." Id. (emphasis added). Defendants also alleged that because Warden Paramo was not a party to this action, the Court lacked jurisdiction to issue an order to compel sought by Plaintiff. See id. Finally, Defendants asserted that they provided the correct spelling of Defendants' last names in their response and that Plaintiff could now complete the service of process. Id. On June 17, 2016, Defendants advised Plaintiff and the Court that the "prison will accept service on N. Sabati's behalf." ECF No. 27. Accordingly, the Court **DENIES** Plaintiff's motion to compel the provision of N. Sabati's last known address as **MOOT**. Further, because Defendant's response provided the correct spelling of Defendant Mendoza's last name and confirmed that he is currently employed at the RJD's dental department, the Court **DENIES** Plaintiff's motion to compel the provision of E. Mendoza's last known address as **MOOT.** Plaintiff must accurately complete the revised USMS Form 285 provided to him pursuant to this Order and resubmit it to the USMS for service.

Additionally, the Court **GRANTS** Plaintiff a sixty day extension of time pursuant to Fed. R. Civ. P. 4(m) to complete service upon Defendants Mendoza and Sabati. Rule 4(m) provides the following:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). District courts have broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). Here, although Plaintiff does not expressly seek a Rule 4(m) extension, good cause exists warranting a short extension. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472, 483-84 (1995).

Accordingly, the Court hereby:

1) **DENIES** Plaintiff's Motion to Compel as **MOOT**;

2) **ORDERS** the Clerk of Court is to provide Plaintiff with an additional "IFP Package" consisting of: (1) this Order; (2) a copy of the Court's March 9, 2016 Order Granting IFP and Directing U.S. Marshal Service [ECF No. 8]; (3) a certified copy of Plaintiff's Complaint [ECF No. 1]; (4) a duplicate summons; and (5) a blank USMS Form 285 for purposes of reattempting service upon Defendants Mendoza and Sabati; and

3) **GRANTS** Plaintiff an extension of time in which to effect service upon Defendants Mendoza and Sabati pursuant to Fed. R. Civ. P. 4(m).  Plaintiff shall complete, as accurately and clearly as possible, the new USMS Form 285 provided to him, and shall return them to the USMS no later than **July 15, 2016**.

4) **IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 4(c)(3),(m) and 28 U.S.C. § 1915(d), the U.S. Marshal shall, within 30 days of receiving Plaintiff's updated USMS Form 285, effect service of Plaintiff's Complaint and summons upon Defendants Mendoza and Sabati as directed by Plaintiff.  All costs of service shall be advanced by the United States pursuant to the Court's March 9, 2016 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) [ECF No. 8].

**IT IS SO ORDERED.**

Dated:  6/22/2016

Hon. Barbara L. Major
United States Magistrate Judge