UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS,<br><br>             Plaintiff,<br><br>v.<br><br>S. HENSLEY, et al.,<br><br>             Defendants. | Case No.:  15cv1871-LAB (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERTS**<br><br>**[ECF No. 43]** |

Currently before the Court are Plaintiff's "Motion for Appointment of Experts Pursuant to Rule 706" [ECF No. 43 ("Mot.")], Defendants' opposition [ECF No. 48 ("Oppo.")], and Plaintiff's reply [ECF No. 51 ("Reply")].  Having considered all of the briefing and supporting documents, and for the reasons set forth below, the Court **DENIES** Plaintiff's motion to appoint experts.

## DISCUSSION

Plaintiff asks the Court to appoint independent experts under Rule 706 of the Federal Rules of Evidence and to order the California Department of Corrections and Rehabilitation ("CDCR") to compensate such experts for their services.  Mot. at 1-2, 6-7.  Plaintiff states that on November 28, 2016, Defendants designated four of the defendants (Hensley, Malek, Nguyen and Sabati) as expert witnesses in their respective fields, and argues that he requires independent experts to "evaluate and offer an opinion on whether clinical decisions which are

at issue in this lawsuit, and their implementation were completed in an effective, timely manner," and whether he suffered long-term, negative health effects from Defendants' conduct. Id. at 4. Plaintiff asks the Court to order CDCR to pay for the expert(s) because he is proceeding in forma pauperis and is unable to secure an expert who is willing to testify without compensation. Id. at 5-6.

Defendants oppose Plaintiff's motion arguing that it is untimely and that the liability and damage issues in this case do not require independent expert testimony. Oppo. at 2-4. Defendants explain that Plaintiff did not designate experts by the deadline established by the Court[1] and has not established good cause to amend the Court's scheduling order. Id. at 2. Defendants further explain that an independent expert is not required because the legal and factual issues are not complex as they focus on whether Defendants were deliberately indifferent to Plaintiff's dental needs in the scheduling of Plaintiff's dental procedures and not on the adequacy of the dental procedures themselves. Id. at 2-3. Defendants also maintain that Plaintiff's dental treatments have been completed and Plaintiff has not identified any specific long-term problems he has suffered. Id. at 4.

In his Reply, Plaintiff clarifies that he wants an expert witness to testify

> concerning issues with respect to claims related to oral health care services, and whether the model in the delivery of dental care to plaintiff cause life long debilitating effects. Particularly, whether the failure to treat his periodontal disease for extended periods of time was a direct cause of the bone surrounding his gums to decay. Thereby, creating the hardening of his arteries.

---

[1] Defendants reference the following deadlines: November 18, 2016 deadline to designate experts and December 16, 2016 deadline to designate rebuttal experts. See Oppo. at 2; see also ECF No. 34 at 2.

1  Reply at 2.  Plaintiff further posits that he would like an expert to opine on "whether bacteria
2  from the mouth can enter the bloodstream, and if so, does this bacteria stick to fatty plaque in
3  the bloodstream, directly contributing to blockages."  Id. at 3.  Finally, Plaintiff argues that he
4  should be excused for his failure to comply with the Court's order regarding expert witnesses
5  because he was hospitalized for suicidal ideations from November 11, 2016 through December 6,
6  2016.  Id. at 1-2; id., Exh. 1, Declaration of Tony Roberts ("Roberts Decl.") at 7-8.

7       Federal law authorizes expert testimony to be provided in at least two ways—via a court—
8  appointed expert and via an expert selected by a party—and the procedural requirements differ
9  based upon the type of expert.  See generally Fed. R. Evid. 701-706; Fed. R. Civ. P. 26.  While
10 it appears that Plaintiff is seeking appointment of a court-appointed expert pursuant to Fed. R.
11 Evid. 706, the Court will address both possibilities.

12      Rule 706 of the Federal Rules of Evidence authorizes the Court to appoint an independent
13 expert.  Such an appointment is within the discretion of the trial judge and may be appropriate
14 when "scientific, technical, or other specialized knowledge will assist the trier of fact to
15 understand the evidence or decide a fact in issue."  See Torbert v. Gore, 2016 WL 3460262,
16 at *2 (S.D. Cal. June 23, 2016) (citation omitted); see also Walker v. Am. Home Shield Long
17 Term Disability Plan, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (finding that district court did not
18 abuse its discretion by *sua sponte* appointing a medical expert to help the court evaluate
19 confusing and contradictory evidence regarding fibromyalgia, which the court described as "an
20 elusive disease of unknown cause"); Ledford v. Sullivan, 105 F.3d 354, 358-60 (7th Cir. 1997)
21 (upholding district court's denial of prisoner's motion to appoint an expert in section 1983 action,
22 where the expert planned to testify regarding whether prison officials showed deliberate

indifference to the prisoner's serious medical needs). An expert appointed pursuant to Rule 706 does not serve as an advocate for either party and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); Walker v. Woodford, 2008 WL 793413, at *1 (S.D. Cal. Mar. 24, 2008) ("[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties.") (citation omitted). Expert testimony is not essential in every case alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. See Ledford, 105 F.3d at 358-60 ("[T]he question of whether the prison officials displayed deliberate indifference" toward a prisoner's serious medical needs does not always "demand that the jury consider probing, complex questions concerning medical diagnosis and judgment.").

In this case, the only claim asserted in Plaintiff's First Amended Complaint is that the Defendants, various dental officials employed at California Men's Colony and Richard J. Donovan Correctional Facility ("RJD"), "were deliberately indifferent to plaintiff's serious dental needs, when they knew of, and disregarded, an excessive risk to plaintiff's health, when [they] delayed providing dental treatment for 48 months or more after diagnosing plaintiff with cavities." See ECF No. 32 at 2. Plaintiff explains that Defendants failed "to provide adequate tooth cleaning supplies" and to "clean plaintiff's teeth in regular[] intervals" which caused him to develop numerous cavities, starting with 3 in 2011 and ending with 27 in 2014. Id. at 18-19. Plaintiff alleges that the constitutional violation caused him "unnecessary and wanton infliction of physical pain, mental and emotional suffering, [and] a significant increase in his injuries[.]" Id.

at 21. Dental hygiene is within the experience of every trier of fact and the asserted Eighth Amendment claim does not present issues that require "scientific, technical, or other specialized knowledge" to understand.[2] See Borja v. Gonzalez, 2011 WL 5546874, at *2 (S.D. Cal. Nov. 14, 2011) (denying plaintiff's motion for appointment of an expert because "[a]n objective evaluation of the severity of Plaintiff's injuries [including, *inter alia*, emotional and mental trauma] lies within a lay person's grasp and does not involve complicated medical issues that require the clarification of scientific, technical or specialized evidence").

Plaintiff argues that expert testimony is necessary to establish the connection between his inadequate dental care and his bone decay, heart disease and/or hardening of his arteries. Reply at 2-4. However, Plaintiff does not argue, or present evidence establishing, that the described issues are scientifically complex or that there are conflicting expert opinions indicating an additional independent expert is necessary to aid the trier of fact in understanding the issues. Id.; see e.g. McKinney v. Anderson, 924 F.2d 1500, 1502, 1511 (9th Cir. 1991), *vacated on other grounds by* Helling v. McKinney, 502 U.S. 903 (1991) (Ninth Circuit remanded the case

---

[2] The Court notes that the defense expert designations only include four of the named defendants and only on the following subjects:

> untreated cavities potentially get bigger, but do not spread to other teeth if proper oral hygiene is used; cavities within teeth and around the gum line develop from poor oral hygiene, poor diet, and genetics; loss of wisdom tooth generally does not affect chewing, eating, or other dental processes; and other opinions regarding injuries, treatment, and prognosis related to this case.

Oppo., Exh. 2 at 3. The scope of Defendants' expert designations support the Court's conclusion that the instant case does not involve complex scientific issues supporting the need for an independent expert under Rule 706.

1  based on the "complexity of the scientific evidence" and recommended the district court
2  "consider appointing an expert witness or witnesses who c[ould] provide the court with scientific
3  information on the health effects of [second hand smoke] and on the concentration levels of
4  [second hand smoke]" in the prisoner's facility, where the prisoner alleged, *inter alia*, that prison
5  officials were deliberately indifferent to his medical symptoms caused by exposure to secondary
6  cigarette smoke).  Rather, Plaintiff appears to be asking the Court to appoint an attorney
7  because he cannot afford to do so and he would like to have an expert support his arguments.
8  This is not an appropriate basis for the appointment of an independent expert under Rule 706.
9  See Noble v. Adams, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying plaintiff's
10 motion for appointment of a Rule 706 expert in a § 1983 civil rights action where "the issues
11 [we]re not so complex as to require the testimony of the expert witness to assist the trier of
12 fact" and reasoning that "Plaintiff has not requested an expert because one is needed to assist
13 the court.  Rather Plaintiff is requesting an expert because he cannot afford to hire one."); see
14 also Faletogo, 2013 WL 524037, at *2; Walker, 2008 WL 793413 at *1.  Accordingly the Court
15 finds that an independent court-appointed expert is not appropriate for this case and **DENIES**
16 Plaintiff's motion for such an appointment.

17    The denial of a court-appointed expert does not prevent any party from presenting expert
18 testimony. Fed. R. Evid. 706(e).  Here, Plaintiff does not identify a specific expert and does not
19 comply with the procedural requirements set forth in Fed. R. Civ. P. 26 or the Court's Case
20 Management Order.  Plaintiff argues that his failure to comply with the Court's expert deadlines
21 should be excused because he was hospitalized from November 11, 2016 through December 6,
22 2016.  See Reply at 2-3; Roberts Decl. at 1-2.  The Court notes that the expert designation

deadlines were November 18, 2016 and December 16, 2016. ECF No. 34 at 2. The Court accepts Plaintiff's explanation and finds good cause for his failure to comply with the designation deadlines. If Plaintiff wants to designate an expert, he must do so by **March 3, 2017**. If he does designate an expert, Plaintiff also must provide the required expert disclosures by **March 3, 2017**. See id.; Fed. R. Civ. P. 26(e). If Plaintiff does designate an expert witness, Defendants may designate a rebuttal expert witness, and provide the required disclosures, by **March 24, 2017**.

While Plaintiff does not seek compensation for a specific expert, he does state that he is indigent and proceeding *in forma pauperis* and therefore asks the Court to require CDCR to pay the expert costs. Mot. at 6. The Court notes that the *in forma pauperis* statute, 28 U.S.C. § 1915, "does not waive payment of fees or expenses for witnesses." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (denying compensation for two medical doctors subpoenaed to testify on prisoner's behalf in 42 U.S.C. § 1983 action); see also Bovarie v. Schwarzenegger, 2011 WL 7468597, at *19 (S.D. Cal. Sept. 21, 2011) (citing Hadsell v.Comm'r, 107 F.3d 750, 752 (9th Cir. 1997)) ("Section 1915 . . . does not authorize federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs."). Thus, while Plaintiff may designate an expert witness as set forth above, to the extent he is requesting payment of expert fees under 28 U.S.C. § 1915, Plaintiff's request is **DENIED**.

**IT IS SO ORDERED.**

Dated: 2/9/2017

Hon. Barbara L. Major
United States Magistrate Judge