UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S. HENSLEY, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.:  15cv1871-LAB (BLM)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO STAY ALL PROCEEDINGS PENDING PLAINTIFF'S DISCHARGE FROM ACUTE PSYCHIATRIC HOSPITALIZATION AND TREATMENT**<br><br>**[ECF No. 55]** |

On March 3, 2017, the Court accepted on discrepancy a "Motion for Permission to Act as 'Next of Friend,' or Alternatively, for Court to Act on its Own, and Stay all Proceedings Pending

1  Mr. Roberts['] Discharge from Acute Psychiatric Hospitalization and Treatment." ECF Nos. 54 &
2  55. The motion was signed by Tommy Boyden, appearing "Next of Friend" on behalf of Plaintiff
3  Tony Roberts on February 23, 2017. ECF No. 55 at 2. Defendants have not opposed the instant
4  motion. See Docket. For the reasons outlined below, the Court **GRANTS** a limited stay of the
5  entire action.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 2015, Plaintiff, a prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD") proceeding pro se and *in forma pauperis*, commenced this action by filing a Complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983. ECF No. 1. After Defendants filed a motion to dismiss part of Plaintiff's Complaint and Plaintiff filed a notice of non-opposition [see ECF Nos. 22, 30], on July 21, 2016, the District Judge granted Defendants' motion. ECF No. 31. On July 29, 2016, Plaintiff filed a First Amended Complaint ("FAC"), the operative pleading in this case. ECF No. 32. Plaintiff alleges in his FAC that Defendants, various dental officials employed at the California Men's Colony ("CMC") and RJD, were aware of his serious dental needs but "delayed providing dental treatment for approximately 48 months or more." See id. at 2-3. Plaintiff claims that as a result, he developed a total of twenty-seven cavities, toothaches, headaches, mouth lesions, gum disease, and periodontal disease, which exposed him "to a serious risk for heart disease." See ECF No. 31. On August 11, 2016, Defendants answered Plaintiff's FAC, and on August 16, 2016, the Court issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. ECF Nos. 33 & 34.

## DISCUSSION

In the instant motion, Mr. Boyden, on behalf of Plaintiff Roberts, asks the Court to stay the proceedings for four to five months or until Plaintiff's discharge from acute care and treatment. ECF No. 55 at 3, 7. In support, Mr. Boyden declares that on February 20, 2017, Plaintiff Roberts "was admitted for psychiatric hospitalization for . . . treatment for suicidal ideations, and psychic features associated with auditory hallucinations." Id., Exh. A, Declaration of Tommy D. Boyden ("Boyden Decl.") at 9. Mr. Boyden further claims that Plaintiff is not able to draft documents, conduct legal research, file pleadings, or respond to the Court's orders in light of his hospitalization and ongoing treatment, and argues that Plaintiff's condition renders Plaintiff incapable of protecting his interests and prosecuting his lawsuit at this time. See id. at 10; see also ECF No. 55 at 2. Mr. Boyden also contends that the length of the requested stay is minimal, and that if the stay is not granted, the parties' time and resources would be wasted because Plaintiff "would be unable to assert his rights during the current period and would require revisiting issues that could be addressed in the first instance after the stay." ECF No. 55 at 6.

A district court has discretionary power to "stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). These interests include: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course

of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. "[S]tays should not be indefinite in nature," and in considering a stay order, the court should "balance the length of any stay against the strength of the justification given for it." See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007); Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 709.

In balancing the competing interests of the parties, the Court concludes that Plaintiff has established that his medical condition and hospitalization render him unable to prosecute his case at this time, and that the requested stay is warranted. Having consulted with the Chambers of District Judge Larry A. Burns, the court **GRANTS** the unopposed motion to stay all proceedings pending Plaintiff's discharge from acute psychiatric hospitalization. Accordingly, the Court stays the action until **June 30, 2017**. Plaintiff must file a report as to his medical status on or before **July 1, 2017**.

**IT IS SO ORDERED.**

Dated: 3/13/2017

Hon. Barbara L. Major
United States Magistrate Judge