# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ROBERTS, <br>                        Plaintiff, <br> vs. <br> S. HENSLEY, et al., <br>                        Defendants. | CASE NO. 15cv1871-LAB (BLM) <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** |

The Eighth Amendment protects prisoners like Tony Roberts from deliberate indifference to their serious medical needs. Prison dentists diagnosed Tony Roberts with two cavities; they weren't treated. Dentists then diagnosed Roberts with seven cavities; they weren't treated either. Four years and seventeen cavities later, Roberts received treatment. He sued all of the dental-care providers involved for violating his Eighth Amendment rights.

Judge Major recommended granting summary judgment to all but one of the Defendants—Dr. Sabati. She examined Roberts two years after his initial cavity diagnosis, but instead of ensuring his cavities were filled, Sabati lowered the priority assigned to Roberts' treatment. This decision effectively delayed his treatment for another year. Judge Major found that a jury needed to decide if Sabati was deliberately indifferent to Roberts' serious medical needs. Roberts didn't file any objections; Sabati did. This Court reviews Judge Major's findings de novo. 28 U.S.C. § 636.

A jury can find a dentist liable for deliberate indifference to a serious medical need when the dentist delays treatment knowing the prisoner is in pain. *Hunt v. Dental Dep't*, 865

F.2d 198, 200 (9th Cir. 1989). Here, it's undisputed that Roberts had a serious medical need. The issue is whether a jury could infer deliberate indifference. It's undisputed that Roberts told Sabati he had cavities causing pain, and Sabati knew Roberts' treatment plan indicated he was six months overdue for fillings. Instead of ensuring Roberts' cavities were filled, Sabati changed his plan by ordering a comprehensive examination, and downgrading the priority code assigned for treatment. As a result, Roberts wasn't seen for another year. His cavities weren't filled for another two years. The Court agrees with Judge Major that a jury could find Sabati's deliberate indifference caused Roberts unnecessary suffering.

Sabati raised several objections. First, she argues that Roberts didn't need his treatment prioritized; if he did, then she would have assigned a higher priority code. Sabati says that's undisputed. The Court disagrees. Her claim is disputed by circumstantial evidence that shows Sabati knew about Roberts' outstanding cavities and pain, yet chose to make him wait even longer for treatment. Maybe Sabati's decision wasn't deliberate. But she can't demand summary judgment because she says she didn't do anything wrong. A juror, not a judge, needs to evaluate her on the stand and decide if they agree.

Second, Sabati contends that she didn't have Roberts' full dental records, or enough time to verify his treatment plan, when she examined him. But Roberts told her he was in pain, had cavities long overdue for treatment, and his treatment plan confirmed this. A jury could find that was plenty of information without the full dental records or new x-rays. And it's a vague argument anyway: Sabati doesn't explain what other records she required, or why 15 minutes wasn't sufficient to verify Roberts had cavities that needed filling.

Third, Sabati argues she wasn't Roberts' assigned dentist. That means she wasn't required to monitor whether Roberts obtained timely treatment. Fine. The Court doesn't read Judge Major's R & R to say that Sabati's liable for failing to monitor if Roberts obtained treatment. But that doesn't change the core issue: Sabati was Roberts' dentist for the 15 minutes she examined him. So it's no excuse to say she wasn't his regular doctor.

Fourth, Sabati maintains that she didn't assign a higher priority code to Roberts' treatment because she was recommending a comprehensive exam with his assigned

dentist. She says that type of exam *usually* gets the priority code she assigned. That doesn't do the trick either. A jury could find this wasn't the usual case: a patient was in severe pain and had cavities long overdue for treatment. Viewing the evidence in the light most favorable to Roberts, a jury could infer Sabati's conduct rose to deliberate indifference.

Finally, Sabati objected that Roberts didn't complain about her decision for almost a year. But that misses the point. The operative question is whether Sabati was deliberately indifferent to Roberts' needs when she examined him. How long Roberts waited to file a grievance doesn't impact whether Sabati violated his rights under the Eighth Amendment. She can argue that Roberts' failure to complain confirms her position that he didn't require immediate attention, but that's an argument for the jury, not winning evidence that entitles her to summary judgment.

Sabati argues that *Hunt v. Dental* requires a prisoner to show repeated complaints about his condition. She's wrong. In *Hunt*, the Ninth Circuit reversed an order granting summary judgment because a dentist knew about a prisoner's dental problems but didn't provide prompt treatment. *Hunt* noted the prisoner repeatedly complained, but that wasn't part of the holding. Instead, *Hunt* recognized that when a prisoner is experiencing pain, puts the dentist on notice, and has his treatment delayed, there's enough evidence for deliberate indifference. Liability doesn't turn on the amount of complaints. What's more, *Hunt* found that a prisoner had a deliberate indifference claim for a delay of 3 months; Sabati delayed Roberts' treatment by up to 12 months, and his treatment wasn't completed for 48 months. *See Hunt*, 865 F.2d 198 (9th Cir. 1989).

\* \* \*

The Court finds the Report and Recommendation correct and adopts it. [Dkt. 75.] Defendants' summary judgment motion is granted in part, and denied in part. [Dkt. 61.]

**IT IS SO ORDERED**.

Dated: March 16, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 3 -