HAEGGQUIST & ECK, LLP
ALREEN HAEGGQUIST (221858)
 alreenh@haelaw.com
AMBER L. ECK (177882)
 ambere@haelaw.com
ROBERT D. PRINE (312432)
 robertp@haelaw.com
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619-342-8000
Facsimile: 619-342-7878

Attorneys for Plaintiff Tony Roberts

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TONY ROBERTS, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>S. HENSLEY, N. HIPP, A. MALEK, K. BEHRENS, N. SABATI, E. MENDOZA, S. NGUYEN, and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No.: 3:15-cv-01871-LAB-BLM<br><br>PLAINTIFF TONY ROBERTS' NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S PRIOR CRIMINAL HISTORY; AND ALLOW PLAINTIFF TO WEAR CIVILIAN CLOTHES WITHOUT HANDCUFFS OR SHACKLES<br><br>Judge: Hon. Larry A. Burns<br>Crtrm.: 14A (14th Floor – Carter/Keep)<br>Dept.: Suite 1410<br><br>Trial: March 19, 2019<br><br>Complaint filed: August 21, 2015<br>FAC filed: July 29, 2016 |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Tony Roberts ("Mr. Roberts") shall and hereby does move this Court to exclude certain irrelevant and prejudicial information from the jury.

This motion is based on this Notice of Motion, the supporting Memorandum, and the Declaration of Robert D. Prine in Support of Plaintiff Tony Roberts' Unopposed Motions *in Limine* to Exclude Plaintiff's Prison Disciplinary History; Information about State's Finances/Taxpayer Funds; and Plaintiff's Previous Lawsuits.

## RELIEF REQUESTED

Mr. Roberts seeks an Order containing the following relief:

1. Excluding evidence, argument, or references to Mr. Roberts' prior criminal record and history, including accusations, charges, and convictions; and

2. Permitting Mr. Roberts to attend trial without shackles, handcuffs, and in civilian clothing during all stages of the proceedings when the jury may see him.[1]

Respectfully submitted,

Dated: March 5, 2019

HAEGGQUIST & ECK, LLP
ALREEN HAEGGQUIST
AMBER L. ECK
ROBERT D. PRINE

By: /s/ Robert D. Prine
ROBERT D. PRINE

---

[1] *See* Declaration of Robert D. Prine in Support of Plaintiff Tony Roberts' Unopposed Motions in *Limine* to Exclude Plaintiff's Prison Disciplinary History; Information About State's Finances/Taxpayer Funds; and Plaintiff's Previous Lawsuits, ¶¶3-4.

225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619-342-8000
Facsimile: 619-342-7878

Attorneys for Plaintiff Tony Roberts

HAEGGQUIST & ECK, LLP

# MEMORANDUM

## I. THIS COURT SHOULD EXCLUDE MR. ROBERTS' PRIOR CRIMINAL HISTORY

Defendant N. Sabati ("Defendant") should be precluded from introducing any evidence or argument regarding – or making any reference to – the details of Plaintiff Tony Roberts' ("Mr. Roberts") prejudicial criminal history, including accusations, charges, and convictions, for the purpose of showing his supposed bad character. But if the Court allows this evidence for impeachment, Defendant should be barred from introducing evidence regarding the prejudicial details or names of the crimes for which Mr. Roberts was convicted or accused.[2]

In 1990, Mr. Roberts was incarcerated for attempted murder, kidnapping, and robbery, and sentenced to life in prison with the possibility of parole. Prior to the 1990 conviction, Mr. Roberts was incarcerated twice for robbery and burglary.[3] Defendant intends to bring an affirmative request to admit these irrelevant convictions during trial. For at least three reasons, any details about these convictions – or any other aspect of Mr. Roberts' criminal history – should not be admitted at trial.

First, evidence of Mr. Roberts' prior convictions (or other criminal history) is not admissible to prove his character. *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Courts have excluded this type of evidence. *See*, *e.g.*, *Henderson v. Peterson*, 2011 U.S. Dist. LEXIS 76799, at *9-*10 (N.D. Cal. July 15, 2011)

---

[2] To the extent any evidence refers to Mr. Roberts' criminal history, but contains otherwise admissible evidence, the references to his criminal convictions and history should be redacted.

[3] All three convictions occurred when Mr. Roberts was between 17 and 32 years old. He is now 61.

(excluding evidence of prior convictions in §1983 case). Disclosing Mr. Roberts' past convictions to the jury would improperly suggest that Mr. Roberts should not prevail because of his purported bad character – which is an impermissible use of character evidence. *See* Fed. R. Evid. 404(b)(1).

Second, although evidence of prior convictions can sometimes be used to impeach, it should be limited here because the probative value of Mr. Roberts' convictions is substantially outweighed by the prejudicial effect on Mr. Roberts and the danger that it will confuse the issues for the jury. *See* Fed. R. Evid. 609(a); *see also* Fed. R. Evid. 403. In fact, Mr. Roberts' prior convictions have no probative value as to whether Defendant was deliberately indifferent to Mr. Roberts' medical needs. Indeed, Mr. Roberts' prior convictions have no bearing on the action. Even in cases where prior convictions have some probative value (*i.e.*, excessive force claims), courts in the Ninth Circuit routinely exclude prior conviction evidence where, as here, such evidence would be unduly prejudicial. *See Ellis v. Navarro*, 2012 U.S. Dist. LEXIS 116491, at *8 (N.D. Cal. Aug. 17, 2012) (excluding prior conviction evidence in excessive force case despite defendants' arguments that such convictions were probative of bias against peace officers); *see also Hawkins v. Adams*, 2013 U.S. Dist. LEXIS 51828, at *5 (E.D. Cal. Apr. 10, 2013) (allowing impeachment evidence in excessive force case, but limiting evidence to "Plaintiff is a felon."); *Thomas v. Garcia*, 2013 U.S. Dist. LEXIS 100046, at *6 (E.D. Cal. July 17, 2013) (excluding details of plaintiff's prior convictions, including the name of the convictions).

Third, because ***all of Mr. Roberts' offenses are three decades old***, evidence of the convictions is presumptively inadmissible under Fed. R. Evid. 609(b). Fed. R. Evid. 609(b) (excluding evidence of conviction if "more than 10 years have passed since the witness's conviction or release from confinement, whichever is later," unless the probative value of the conviction "substantially outweighs its

prejudicial effect"); *see United States v. Bay*, 762 F.2d 1314, 1317 (9th Cir. 1984) ("Evidence of a conviction more than ten years old is presumptively inadmissible as too remote."); *Henderson*, at *8 (noting convictions were presumptively inadmissible because "Plaintiff's felony convictions from 1990 and 1992 occurred well over ten years ago ….").

For these reasons, all evidence, arguments, and references to the details of Mr. Roberts' criminal history should be excluded. However, if this Court finds any probative value in Mr. Roberts' criminal history, the Court should limit the evidence to that Mr. Roberts was convicted of a crime for purposes of impeachment but exclude any evidence or argument that mentions details of Mr. Roberts' past convictions, including the types of crimes for which he was convicted.

## II.  MR. ROBERTS SHOULD NOT BE FORCED TO PROVE HIS CASE IN PRISON GARB

Mr. Roberts requests that he remain unshackled, unhandcuffed, and free of any other prison garb while in the jury's presence, because the optics of shackles, handcuffs, and prison garb would suggest he has violent tendencies and unfairly prejudice the jury against him. *See* Fed. R. Evid. 401, 403. Following the parties' December 10, 2018 final pretrial conference, this Court issued a minute order stating, in pertinent part:

> Plaintiff's counsel should be prepared to provide Plaintiff with civilian clothes prior to the beginning of trial. Absent a compelling reason, the Court will not permit the Plaintiff to be shackled or appear in prison garb.[4]

*See* Dkt. 100.

---

[4]  During the final pretrial conference, the Court stated it would not curtail Mr. Robert's right to a fair trial by requiring Mr. Roberts' to appear for trial in shackles, handcuffs, and prison garb.

During the December 10, 2018 final pretrial conference, Defendant was unable to articulate any compelling reason why Mr. Roberts would need to come to court in shackles, handcuffs, and prison garb. Even absent this Court's minute order, "When a civil action involves an inmate, the court should be wary of requiring the inmate to appear in restraints." *Brown v. Kavanaugh*, 2013 U.S. Dist. LEXIS 37281, at *6 (E.D. Cal. Mar. 18, 2013) (citing *Tyars v. Finner*, 709 F.2d 1274, 1284-85 (9th Cir. 1983)). When making this determination, a Court must make two inquiries: "'First the court must be persuaded by compelling circumstances that some measure was needed to maintain the security of the courtroom. Second, the court must pursue less restrictive alternatives before imposing physical restraints.'" *Id.*, at *7 (quoting *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994)). Here, Mr. Roberts – a 61-year-old inmate – poses no security threat.

Furthermore, forcing Mr. Roberts to wear a prison uniform will unfairly prejudice the jury against him. *See* Fed. R. Evid. 401, 403. Courts in the Ninth Circuit routinely permit inmates to appear in civilian clothing. *See Baltimore v. Haggins*, 2013 U.S. Dist. LEXIS 124774, at *11 (E.D. Cal. Aug. 30, 2013) (permitting inmate to wear civilian clothing at trial); *Lyons v. Leonhardt*, 2013 U.S. Dist. LEXIS 101212, at *8 (D. Nev. July 19, 2013) (same); *United States v. Olvera*, 30 F.3d 1195, 1196 (9th Cir. 1994) ("Compelling a defendant to appear at trial in prison garb is impermissible because the constant reminder of the defendant's incarcerated status may affect jurors' perception of him or her as a wrongdoer."). As such, the Court should allow Mr. Roberts to prove his case without shackles, handcuffs, and in civilian clothing provided by his *pro-bono* counsel.

## III. CONCLUSION

Based on the foregoing reasons, Mr. Roberts respectfully requests the Court issue an order:

1. Precluding Defendant, through its attorneys and all witnesses from arguing, testifying, eliciting, suggesting, implying, or otherwise introducing evidence or relating to Mr. Roberts' prior criminal record and history, including accusations, charges, and convictions; and
2. Permitting Mr. Roberts to attend trial without shackles, handcuffs, and in civilian clothing during all stages of the proceedings when the jury may see him.

Respectfully submitted,

Dated: March 5, 2019

HAEGGQUIST & ECK, LLP
ALREEN HAEGGQUIST
AMBER L. ECK
ROBERT D. PRINE

By: _____
ROBERT D. PRINE

225 Broadway, Suite 2050
San Diego, CA  92101
Telephone: 619-342-8000
Facsimile: 619-342-7878

Attorneys for Plaintiff Tony Roberts

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List. I further hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participant indicated below.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 5, 2019.

/s/Robert D. Prine
ROBERT D. PRINE

HAEGGQUIST & ECK, LLP
ROBERT D. PRINE (312432)
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619-342-8000
Facsimile: 619-342-7878
robertp@haelaw.com

**Served via U.S. Mail**:

Tony Roberts, CDCR No. C-95215
California Health Care Facility
Facility E, E1C-212
P.O. Box 32290
Stockton, CA 95213