# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| TONY ROBERTS, | CASE NO. 15cv1871-LAB (BLM) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **DENYING DEFENDANT'S MOTION IN LIMINE TO HAVE PLAINTIFF SHACKLED AND IN PRISON GARB [Dkt. 112];** |
| S. HENSLEY, et al., | |
| Defendants. | **GRANTING PLAINTIFF'S MOTION TO ALLOW PLAINTIFF TO WEAR CIVILIAN CLOTHES WITHOUT HANDCUFFS OR SHACKLES [Dkt. 119]** |

Defendant N. Sabati moves *in limine* for an order requiring Plaintiff Tony Roberts, an inmate currently incarcerated with the California Department of Corrections and Rehabilitation ("CDCR"), to be shackled and appear in prison garb during his upcoming trial. Dkt. 112. Roberts opposes the motion and brings a competing motion to allow him to appear in civilian clothing and free of shackles. Dkt. 119.

The parties addressed this same issue at the pretrial conference, and the Court noted that "absent a compelling reason, the Court will not permit [Roberts] to be shackled or appear in prison garb." Dkt. 100. The Court's position has not changed. Shackling an inmate in a civil action is the exception in this Circuit, not the rule. *See, e.g., Brown v. Kavanaugh,* 2013 WL 1124301, at *2 (E.D. Cal. 2013) ("When a civil action involves an

inmate, the court should be wary of requiring the inmate to appear in restraints.") (citing *Tyars v. Finner*, 709 F.2d 1274, 1284–85 (9th Cir.1983)). Two factors guide the district court in deciding whether an inmate should appear in shackles: "First the court must be persuaded by compelling circumstances that some measure was needed to maintain the security of the courtroom. Second, the court must pursue less restrictive alternatives before imposing physical restraints." *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir.1994).

Defendant points to several circumstances that, in her view, warrant shackling here. First, Roberts is serving a life sentence for a series of violent felonies, including attempted murder, assault with a firearm on a peace officer, kidnapping to commit robbery, and robbery. Second, Roberts has received three prison "rules violation reports" while incarcerated. Two of these incidents involved fighting and the other involved making lewd comments to an officer. Finally, Defendant argues that Roberts "could scare, threaten, or injure the court staff, jurors, attorneys trying the case, or correctional officers while trying to flee. If [Roberts] is able to successfully flee, by for example, taking someone hostage, then he will be a danger to the public at large."

The Court does not dispute that Roberts' underlying offenses are serious, but they also occurred nearly 30 years ago. Roberts is now 61 years old and is well-removed from his underlying offenses. The Court finds that given the age of his crimes, Roberts' underlying offenses do not provide compelling circumstances that warrant shackling. His three prison disciplinary violations likewise do not suggest that Roberts is likely to commit violence while in the courtroom.

Even if these factors did provide a compelling reason to have Roberts shackled, the increased presence of law enforcement presents a "less restrictive alternative" that is suitable to keep order in the courtroom. Defendant's counsel has informed the Court that two sworn law enforcement officers employed by the CDCR will accompany Roberts to court and will be present at all times while the trial is underway. The Court finds that this arrangement will be adequate to manage any unexpected court security threat

The Court will also permit Roberts to appear in civilian clothing. This clothing is to be provided to him by his attorneys each morning. While the Court acknowledges that appearing in prison garb might make Roberts easier to capture in the event he flees, this remote risk is significantly outweighed by the prejudicial effect of forcing him to appear each day in front of the jury clothed in prison garb. *See, e.g., United States v. Olvera*, 30 F.3d 1195, 1196 (9th Cir. 1994) ("Compelling a defendant to appear at trial in prison garb [in a criminal case] is impermissible because the constant reminder of the defendant's incarcerated status may affect jurors' perception of him or her as a wrongdoer."). Constitutional protections are weaker in a civil case than a criminal case, but similar logic holds here.

For the reasons above, Defendant's motion to have Roberts shackled and appear in prison garb is **DENIED** and Plaintiff's cross-motion is **GRANTED**. Dkts. 112, 119.[1] Plaintiff's attorneys shall ensure that Roberts is provided with civilian clothes each morning of trial.

**IT IS SO ORDERED**.

Dated: March 14, 2019

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] This order does not dispose of Plaintiff's other request in Dkt. 119 to preclude evidence related to Roberts' previous convictions. This request and the remainder of the parties' motions in limine will be decided at argument on Tuesday, March 19, 2019 at 9:00 A.M.